# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANDREA PRODUCE, INC., and VAL-PRO, INC. d/b/a VALLEY FRUIT AND PRODUCE CO.,<br><br>    Plaintiffs,<br><br>    v.<br><br>1 SOURCE MARKETING GROUP, INC., SUNRIVER TRADING COMPANY LIMITED d/b/a SUNRIVER SALES, EVANS SALES, INC. d/b/a HORIZON MARKETING, SCOTT D. TERRY, NORMAN K. EVANS, and DOES 1-5,<br><br>    Defendants. | 1:07-cv-1846 OWW DLB<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 2/2/09<br><br>Non-Dispositive Motion Filing Deadline: 2/17/09<br><br>Dispositive Motion Filing Deadline: 3/2/09<br><br>Settlement Conference Date: 2/12/09 10:00 Ctrm. 9<br><br>Pre-Trial Conference Date: 5/11/09 11:00 Ctrm. 3<br><br>Trial Date: 6/23/09 9:00 Ctrm. 3 (JT-6 days) |

I.  Date of Scheduling Conference.

    March 20, 2008.

II. Appearances Of Counsel.

    Robert E. Goldman, Esq., appeared on behalf of Plaintiffs.

    Law Offices of Michael J. Lampe by Michael P. Smith, Esq., appeared on behalf of Defendants Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans.

    Farley Law Firm by Michael L. Farley, Esq., appeared on

1

behalf of Defendants 1 Source Marketing Group, Inc., and Scott D. Terry.

III. Summary of Pleadings.

1. Dandrea and Val-Pro initiated this action against the Defendants seeking injunctive relief, declaratory relief and damages, based on allegations that it sold perishable agricultural commodities to 1 Source, and that a PACA floating trust was created pursuant to 7 U.S.C. § 499(e) for their benefit as to the payment for same, and that 1 Source failed to pay for same, and that Dandrea and Val-Pro are entitled to recover PACA trust funds and damages totaling $101,591.25 from 1 Source. The Complaint further alleges that Scott D. Terry was the owner of 1 Source, and so controlled its finances that he is personally liable for a breach of the PACA trust. The Complaint further alleges that Norman Evans was a signatory on 1 Source's bank account, and that he signed checks from 1 Source totaling $841,018.46 which were payable on two companies that he owned and controlled, SunRiver Trading Company Limited d/b/a Sunriver Sales, and Evans Sales, Inc., d/b/a Horizon Marketing, and that such conduct was a violation of the PACA trust and constituted conversion.

2. Sunriver contends that Dandrea and Val-Pro have mischaracterized the business relationship between Sunriver and 1 Source, and that the PACA trust does not reach Sunriver, Evans Sales, Inc., or Norman K. Evans because the lack of a sufficient nexus between Dandrea and Val-Pro on one hand, and Sunriver on the other. Sunriver also contends that 1 Source is ultimately responsible for the non-payment to Dandrea and Val-Pro, since 1

Source had direct transactions with the produce suppliers, but failed to pay for the produce.

3. 1 Source contends that Sunriver was ultimately responsible for Dandrea and Val-Pro's losses, because pursuant to the business arrangement between Sunriver and 1 Source, only Sunriver was responsible for all accounts payable and only Sunriver had the ability to write checks to pay the produce vendors, and that Sunriver failed to pay the vendors.

IV. Orders Re Amendments To Pleadings.

1. No amendments to the pleadings are proposed by any party at this time. However, Dandrea and Val-Pro will learn more about the relationship between the other parties as discovery in this suit progresses, and so it anticipates that it may seek to amend the pleadings to add new causes of action, possibly to include a claim that it has the right to be subrogated to 1 Source's right to obtain funds allegedly transferred by Norman Evans to his two companies.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. Plaintiff, Dandrea Produce, Inc., is a corporation incorporated under the laws of the State of New Jersey.

2. Plaintiff, Val-Pro, Inc., d/b/a Valley Fruit and Produce Company, is incorporated under the laws of the State of California, licensed to do and doing business in California and in the Eastern District of California, Fresno Division.

3. 1 Source Marketing Group, Inc., is a corporation incorporated under the laws of the State of California and doing

3

business in the Eastern District of California, Fresno Division.

  4. Scott D. Terry is an individual resident of Fresno County, State and Eastern District of California.

  5. Sunriver Trading Company, Ltd., d/b/a Sunriver Sales, is a corporation licensed under the laws of the State of California doing business in the Eastern District of California.

  6. Evans Sales, Inc., d/b/a Horizon Marketing is a corporation incorporated under the laws of the State of California doing business in the Eastern District of California.

  7. Norman K. Evans is an individual resident of the Eastern District of California, Fresno Division.

  8. Dandrea Produce, Inc., and Val-Pro, Inc., each separately sold commodities for interstate shipment to 1 Source Marketing Group, Inc.

  9. Each transaction is represented by a discrete invoice.

  10. The sum of $101,591.25 exclusive of interest, cost, or attorney's fees, is the approximate amount owed by one or more of the Defendants for produce sold and delivered.

**B.** **Contested Facts.**

  1. Whether and to what extent Defendants Norman K. Evans, Sunriver Trading Company, Ltd., d/b/a Sunriver Sales, and/or Evans Sales, Inc., d/b/a Horizon Marketing, Inc., have any financial responsibility for payment of sums due and owing to Plaintiffs, according to proof.

  2. Whether the business relationship between Norman K. Evans and 1 Source Marketing Group, Inc., was such that any PACA liability should be imposed on Norman K. Evans as a PACA

4

1 principal.

2      3.    Whether, by virtue of the prior dealings and
3 transactions at issue, PACA liability should be imposed upon
4 Evans Sales, Inc., d/b/a Horizon Marketing and/or Sunriver
5 Trading Co., Ltd., d/b/a Sunriver Sales.

6      4.    Whether and in what amounts, Plaintiffs are
7 entitled to recovery of damages, costs and attorney's fees.

8      5.    Sunriver Trading Company Limited, Evans Sales,
9 Inc., and Norman K. Evans contest that they were aware of the
10 details of the transactions between Dandrea Produce, Inc., Val-
11 Pro, Inc., 1 Source Marketing Group, Inc., and Scott D. Terry,
12 but it appears that the produce sales between 1 Source Marketing
13 Group, Inc., Scott D. Terry, Dandrea Produce, Inc., and Val-Pro
14 Inc., did take place, and that Dandrea Produce, Inc., and Val-
15 Pro, Inc., were not paid for the produce.

16      6.    Defendant 1 Source Marketing Group, Inc., and
17 Scott D. Terry do not contest that Dandrea Produce, Inc., and
18 Val-Pro, Inc., were not paid, but contends that the non-payment
19 was the responsibility and failure of Sunriver Trading Company
20 Limited, Evans Sales, Inc., and Norman K. Evans.

21      7.    Sunriver Trading Company Limited, Evans Sales,
22 Inc., and Norman K. Evans contest that Norman K. Evans controlled
23 the finances of 1 Source.

24      8.    Sunriver Trading Company Limited, Evans Sales,
25 Inc., and Norman K. Evans contest that all conditions precedent
26 to this action have occurred or have been waived or excused.

27      9.    Sunriver Trading Company Limited, Evans Sales,
28 Inc., and Norman K. Evans contest that Sunriver Trading Company

Limited, Evans Sales, Inc., and Norman K. Evans would consign Chilean fruit to 1 Source.

10. Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that 1 Source Marketing Group, Inc., and Scott D. Terry would incur charges related to the transportation and storage of the Chilean fruit (such as ocean freight, land transportation, cold storage, inspections, and repacking).

11. Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that 1 Source Marketing Group, Inc., and Scott D. Terry would send invoices to customers which provided that payments to 1 Source Marketing Group, Inc., and Scott D. Terry were to be mailed to an address that was Sunriver's address.

12. Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that Norman Evans would sign 1 Source Marketing Group, Inc., checks to pay 1 Source Marketing Group, Inc., and Scott D. Terry for commissions on the gross sales with the balance going to growers.

13. Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that Norman Evans' primary job was to sign 1 Source Marketing Group, Inc., checks to vendors and Sunriver Trading Company Limited.

14. Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that from April through June of 2007, Norman Evans directed Sunriver Trading Company Limited's staff to wire the funds set forth in the chart in paragraph 32 of the complaint, which constituted PACA trust assets, to pay either

Sunriver Trading Company Limited or Evans Sales, Inc., which two entities then diverted some of the PACA trust assets to Norman Evans.

15.  Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that Norman Evans knew that his diversion of the PACA trust funds would result in 1 Source Marketing Group, Inc., and Scott D. Terry lacking sufficient PACA trust assets to pay its PACA trust suppliers, including without limitation, Dandrea Produce, Inc., and Val-Pro, Inc., and that the diversion of PACA trust assets rendered 1 Source Marketing Group, Inc., and Scott D. Terry, unable to timely pay its PACA trust beneficiaries.

16.  Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that 1 Source Marketing Group, Inc., and Scott D. Terry's continuing failure to maintain PACA trust funds will result in irreparable harm to Dandrea Produce, Inc., and Val-Pro, Inc.

17.  Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that Norman K. Evans had sufficient knowledge and control over the transactions between 1 Source Marketing Group, Inc., Scott D. Terry, Dandrea Produce, Inc., and Val-Pro, Inc., to be responsible for controlling PACA funds and make sure that they were paid.

18.  Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans contest that they converted assets belonging to Dandrea Produce, Inc., and Val-Pro, Inc.

19.  1 Source Marketing Group, Inc., and Scott D. Terry contend that Sunriver Trading Company Limited, Evans Sales, Inc.,

7

and Norman K. Evans are responsible for all accounts payable.

20.  1 Source Marketing Group, Inc., and Scott D. Terry contend that their relationship with Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans was an arrangement whereby 1 Source Marketing Group, Inc., and Scott D. Terry sold produce for an agreed commission or salary and that Sunriver Trading Company Limited, Evans Sales, Inc., and Norman K. Evans paid all accounts payable in return for a share of the profits.

VI. Legal Issues.

   A.  Uncontested.

      1.  Jurisdiction exists under 28 U.S.C. § 1331 and the Perishable Agricultural Commodities Act.

      2.  Venue is proper under 28 U.S.C. § 1391.

      3.  To the extent State law applies, the parties agree that the substantive law of the State of California provides the rule of decision.

   B.  Contested.

      1.  Whether a valid, perfected, floating PACA trust was created in favor of Dandrea and Val-Pro and, if so, which Defendants are liable for 1 Source's failure to pay the trust funds to these trust beneficiaries, and which of their assets can be the subject of injunctive relief.

      2.  Whether Defendants Norman Evans, Sunriver Trading Company Limited, and Evans Sales, Inc., are liable to Dandrea and Val-Pro for conversion.

      3.  Whether 1 Source is required to indemnify Sunriver for any relief recovered against it by Dandrea and Val-Pro.

      4.    Whether Sunriver, Evans Sales or Norman Evans are required to indemnify 1 Source for any relief against it by Dandrea and Val-Pro.

## VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

## VIII. Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

## IX. Discovery Plan and Cut-Off Date.

    1.    1 Source Marketing Group, Inc., and Scott D. Terry shall respond to Plaintiffs' Complaint on or before April 9, 2008.  These same Defendants shall respond to the cross-claim of the Co-Defendants on or before April 9, 2008.

    2.    Plaintiffs shall make their initial disclosures on or before March 27, 2008.  Defendants shall make their initial disclosures on or before April 10, 2008.

    3.    The parties are ordered to complete all non-expert discovery on or before December 8, 2008.

    4.    The parties are directed to disclose all expert witnesses, in writing, on or before December 1, 2008.  Any supplemental or rebuttal expert disclosures will be made on or before January 2, 2009.  The parties will comply with the

provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    5.    The parties are ordered to complete all discovery on or before February 2, 2009.

    6.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

    1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before February 17, 2009, and heard on March 20, 2009, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than March 2, 2009, and will be heard on April 6, 2009, at 10:00 a.m. before the Honorable Oliver W. Wanger, United

States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   May 11, 2009, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII.  Trial Date.

    1.   June 23, 2009, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.   This is a jury trial.

    3.   Counsels' Estimate Of Trial Time:

        a.   6 days.

    4.   Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIII.    Settlement Conference.

    1.   A Settlement Conference is scheduled for February 12, 2009, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.   Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the

Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

    a. A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   None.

XV. Related Matters Pending.

    1.   There is a related matter entitled *1 Source, et al., v. Sun River Sales, et al.*, Tulare County Superior Court Case 07-224861, pending.

XVI. Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII.   Effect Of This Order.

1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   March 20, 2008              /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE